IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § § § § | No. 1:21-cr-145-HSO-BWR-1<br>No. 1:23-cv-118-HSO |
| **RONALD HARRIS CUEVAS** | § | |

**ORDER GRANTING IN PART AND DISMISSING IN PART WITHOUT PREJUDICE DEFENDANT RONALD HARRIS CUEVAS'S MOTION [66] TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [66] of Defendant Ronald Harris Cuevas to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Having considered the issues presented, the record, and relevant legal authority, the Court is of the opinion that the Motion [66] should be granted in part to permit Defendant Ronald Harris Cuevas to file an out-of-time appeal and dismissed without prejudice in all other respects.

I.  BACKGROUND

A.  Factual Background

The United States of America ("the Government") filed a criminal Complaint [1] on November 29, 2021, charging Defendant Ronald Harris Cuevas ("Cuevas" or "Defendant") with violation of 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. Compl. [1] at 1. On December 2, 2021, the Court appointed Federal Public Defender Leilani Leith Tynes as counsel for Defendant. Order [8]. Defendant

was later charged in a four-count Superseding Indictment [27] filed on January 11, 2022, with four criminal counts: in Count 1 with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); in Counts 2 and 4 with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and in Count 3 with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *See generally* Sup. Indict. [27].

Pursuant to a written Plea Agreement [52] with the Government, on June 28, 2022, Defendant pled guilty to as to Count 4 of the Superseding Indictment [27]. Min. Entry, Jun. 28, 2022; Plea Agree. [52]. Under the Plea Agreement [52], Defendant expressly waived "the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed . . . on any ground whatsoever," and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever." Plea Agreement [52] at 5.

On October 19, 2022, the Court sentenced Defendant to 120 months imprisonment, three years of supervised release, a $3,000.00 fine, and a $100.00 special assessment. Min. Entry, Oct. 19, 2022; J. [62]. The remaining Counts 1, 2, and 3, were dismissed upon motion by the Government. *Id*. A Judgment [62] against Defendant was entered on October 25, 2022. To date, neither Defendant nor his counsel have filed a notice of appeal.

B.    <u>The present Motion [66]</u>

Defendant filed the instant Motion [66] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 on May 12, 2023. Defendant claims, among other things, that he was subjected to ineffective assistance of counsel because his counsel failed to file a direct appeal despite Defendant's request that she do so. Mem. [67] at 4-5. Defendant seeks vacatur and reinstatement of the Judgement [62] and permission to seek an out-of-time appeal, or, alternatively, an evidentiary hearing for further proceedings. *Id.* at 7. Defendant additionally complains of the following alleged conduct by his counsel: her insistence that he plead guilty and forfeit certain amounts of United States currency that Defendant maintains were not "drug proceeds;" her advising of Defendant that he would receive a lighter sentence by pleading guilty and agreeing to forfeiture; her failure to advise or predict that he would ultimately be sentenced to a term of imprisonment "at the maximum amount;" her inability to be reached by Defendant while he was in transit to a federal corrections institution; and her lack of response to Defendant's family when they attempted to reach her regarding the status of Defendant's appeal. *Id.* at 2-3. Defendant also states certain "sentencing issues" he wishes to raise as part of a direct appeal. *Id.* at 6-7.

## II.  DISCUSSION

There are four narrow grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

"[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002); *United States v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a defendant must show (1) deficient performance, in that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020). Notwithstanding *Strickland*, the United States Court of Appeals for the Fifth Circuit has held that a failure to file an appeal when requested constitutes per se ineffective assistance of counsel and permits an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007). This is so even where the defendant has waived his right to a direct appeal. *Id.*

Here, Defendant states that "upon being sentenced to the maximum term of 120 months, Cuevas immediately informed his attorney to file a notice of appeal." Mem. [67] at 5 (original emphasis). Accordingly, the Court is of the opinion that Defendant's request for an out-of-time appeal should be granted. Because district courts cannot "create appellate jurisdiction," the Fifth Circuit has provided direction in this context. *United States v. West*, 240 F.3d 456, 459, 460-61 (5th Cir. 2001).

4

When allowing an out-of-time appeal based on a § 2255 motion asserting ineffective assistance for counsel's failure to file a notice of appeal, the out-of-time appeal cannot proceed unless the Court grants the § 2255 motion insofar as it seeks an out-of-time appeal and dismisses without prejudice "those parts of the motion for which the out-of-time appeal is granted." *Id.* at 460. The Court must then reinstate the judgment of conviction on the criminal docket, and the defendant will have fourteen (14) days from the date of entry of the reinstated judgment to file a Notice of Appeal in this Court. *Id.* at 462; Fed. R. App. P. 4(b)(1)(A)(i).

Pursuant to this directive, Defendant's Motion [66] will be granted only to the extent that Defendant will be permitted to file an out-of-time appeal concerning the grounds for relief raised in the present Motion [66]. *West*, 240 F.3d at 460-61. By a "Text Only Order" to be entered in conjunction with this Order, the Court will reinstate the Judgment [62] on the criminal docket as of the date of entry of this Order. *Id.* at 462. The remaining claims asserted in the Motion [66] will be dismissed without prejudice. *Id.* Whether Defendant is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of the Plea Agreement need not be addressed at this point. *Tapp*, 491 F.3d at 265-66. Should Defendant elect to reassert these claims, or others, he may do so by way of a new § 2255 motion after his direct appeal is concluded.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [66] of Defendant Ronald Harris Cuevas to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody Pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART** to the extent that Defendant Ronald Harris Cuevas is permitted to file an out-of-time appeal as described above, and **DISMISSED WITHOUT PREJUDICE** in all other respects.

**SO ORDERED AND ADJUDGED**, this the 16th day of May, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE